UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


LINDA E. SOMMER,                           )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )      No. 3:10-CV-99
                                           )      (VARLAN/GUYTON)
MICHAEL J. ASTRUE,                         )
Commissioner of Social Security,           )
                                           )
            Defendant.                     )


**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal

Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding

disposition by the District Court of the Plaintiff's Motion for Judgment on the Pleadings [Doc. 11]

and the Defendant's Motion for Summary Judgment [Doc. 15]. The Plaintiff Linda E. Sommer

("Plaintiff") seeks judicial review of the decision by Administrative Law Judge ("ALJ") Douglas J.

Kile to deny her benefits, which was the final decision of the Defendant Michael J. Astrue,

Commissioner of Social Security ("the Commissioner").

On August 10, 2006, the Plaintiff filed an application for supplemental security income

("SSI") and an application for disability insurance benefits ("DIB"). [Tr. 8]. On the application, the

Plaintiff alleged a period of disability which began on March 2, 1999.[1] [Tr. 8]. On April 14, 2009

---

[1]The Plaintiff was insured for Disability Insurance Benefits through March 31, 2000. [Tr.
86].

ALJ Lawrence held a hearing, and on May 27, 2009, issued a decision finding the Plaintiff "not disabled." [Tr. 26-43; 8-18]. On January 14, 2010, the Appeals Council denied the Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. [Tr. 1-4]. The Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g).

## I. ALJ FINDINGS

The ALJ made the following findings:

1.      The claimant meets the insured status requirements of the Social Security Act through March 31, 2000.

2.      The claimant has not engaged in substantial gainful activity since March 2, 1999, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.      The claimant has the following severe impairments: spinal impairment; obesity; respiratory impairment; sleep apnea; hypertension; gastrointestinal disorder, and mental depression (20 CFR 404.1520(c) and 416.920(c)).

4.      The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). In addition, she would be unable to perform frequent bending, stooping and squatting or handle exposure to excessive dust, smoke, fumes and noxious gases.

6.      The claimant is capable of performing past relevant work as a telecommunicator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7.      The claimant has not been under a disability, as defined in the Social Security Act, from March 2, 1999 through the date of this decision. (20 CFR 404.1520(f) and 416.920(f)).

[Tr. 10-18].

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act.  42 U.S.C. § 1382(a); 20 C.F.R. § 416.202.  An individual is eligible for SSI if he has financial need and he is aged, blind, or under a disability.  See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A).  An individual shall be determined to be under a disability only if his physical and/or mental impairments are of such severity that he is not only unable to do his previous work, but also cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his

> past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

Plaintiff bears the burden of proof at the first four steps. Id. The burden of proof shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III.    STANDARD OF REVIEW

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v.

Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV.    ANALYSIS

### A.  The ALJ's Treatment of the Opinion of Yvonne Hosey, F.N.P.

The Plaintiff argues that the ALJ erred by failing to weigh the opinion evidence of record, specifically, the opinion of her longtime treating nurse practitioner, Yvonne Hosey, F.N.P. ("NP Hosey"). [Doc. 12 at 8].  The Commissioner contends that the ALJ did not commit error by refusing to base his decision on the assessment of NP Hosey, because her opinion was contradicted by the four physicians noted in the ALJ's opinion.  [Doc. 16 at 13].

The Plaintiff first asserts that NP Hosey is her "treating nurse practitioner," and as such, the ALJ failed to give her proper weight.  The Plaintiff, however, concedes that NP Hosey is not considered a "treating source," but rather is defined as an "other source."  Sources listed as "other sources" under 20 C.F.R. § 404.1513(d)(1) are not included in the definition of "treating source," as that definition considers that a "treating source" may only be an "acceptable medical source."  20 C.F.R. § 404.1513(a).  Accordingly, a nurse practitioner's opinion is considered "other source" evidence, and is not given the same controlling weight as a "treating source."  20 C.F.R. § 404.1527(d).

Social Security Ruling 06-03p acknowledges that medical sources who do not qualify as "acceptable medical sources" under the regulations are still considered valuable sources of information.  The ruling states in pertinent part,

> With the growth of managed health care in recent years and the emphasis on
> containing medical costs, medical sources who are not "acceptable medical sources,"
> such as nurse practitioners . . . have increasingly assumed a greater percentage of the

treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *3 (2006).

The ruling indicates that the ALJ is required, under the regulations, to consider the evidence from "other sources," although the regulations do not explicitly discuss how to evaluate the "other source" evidence. SSR 06-03p, 2006 WL 2329939, at *4. The ruling states that the factors outlined for determining the weight to afford a medical opinion in 20 C.F.R. §§ 404.1527(d) and 416.927(d), "can be applied to opinion evidence from 'other sources,'" and "these factors represent basic principles that apply to consideration of all opinions from medical sources who are not 'acceptable medical sources.'"[2] Id. Additionally, "[t]he evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each case" and "[n]ot every factor for weighing opinion in evidence will apply in every case." Id. Nevertheless, the ruling specifically states that,

> [t]he adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

Id.

---

[2] 20 C.F.R. § 404.1527(d)(2)-(6) outlines the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of and evidentiary basis for the opinion; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the source; and (6) anything else that tends to support or contradict the opinion.

Notably, the ruling is careful to point out that there is a "distinction between what an adjudicator must *consider* and what the adjudicator must *explain*." Id. (emphasis added). The Sixth Circuit Court of Appeals appears to interpret the language of SSR 06-03p as strongly indicating that the ALJ should explain the weight given to the opinions of "other sources." See Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 540-42 (6th Cir. 2007) (noting that while SSR 06-03p did not apply to the instant case, "the ALJ should have discussed the factors relating to his treatment of [nurse practitioner] Hasselle's assessments, so as to have provided some basis for why he was rejecting the opinion."). Specifically, the Cruse Court found that,

> opinions from non-medical sources who have seen the claimant in their professional capacity should be evaluated by using the applicable factors, including how long the source has known the individual, how consistent the opinion is with other evidence, and how well the source explains the opinion.

502 F.3d at 541 (citations omitted).

In this case, NP Hosey assessed the Plaintiff's capabilities in October 2007 and April 2009. The ALJ discusses NP Hosey's findings in detail, but does not indicate any applicable factor for discounting her assessments. In each opinion, NP Hosey notes that the Plaintiff could not reasonably be expected to be reliable for a full-time (8-hour day, 40-hour week) work schedule without missing more than two days monthly. [Tr. 470; 530]. NP Hosey's 2009 assessment cites low back pain and edema in [th]e left lower leg and foot, as well as deconditioning from long-term obesity. [Tr. 530]. Further, NP Hosey opined that the Plaintiff could sit for 7 hours out of an 8-hour day and could walk 1 hour out of an 8-hour day. [Tr. 530]. NP Hosey did not indicate whether the Defendant could stand for any length of time in an 8-hour workday. [Tr. 530].

The ALJ discussed NP Hosey's 2007 and 2009 opinions in detail, yet, the ALJ does not

7

indicate what applicable factors he used when evaluating NP Hosey's assessments. The ALJ did not

discuss such factors as the supportability of the opinion, its consistency with other evidence, or how

well the source explained the opinion. While the Court acknowledges that it is not necessary to clear

the "same hurdle that must be surmounted to discount the opinion of a treating source," the ALJ

failed to state that he was rejecting NP Hosey's opinion or provide some basis for rejecting the

opinion.[3] Gonzales v. Comm'r of Soc. Sec., No. 1:09-CV-463, 2010 WL 3852000, *2 (W.D. Mich.

Sept. 29, 2010).

Accordingly, the Court finds that the ALJ committed error by not providing a basis for

discounting the non-medical source opinion of NP Hosey when she evaluated the Plaintiff in her

professional capacity.


### B. Medical Opinions Considered by the ALJ

The Plaintiff argues that the ALJ erred by failing to indicate the weight he afforded the

various medical evidence of record. The Plaintiff asserts that while the ALJ summarizes the medical

opinions of record, he failed to evaluate the opinions of the consultative examining physicians and

the state agency reviewing physicians as required by the Regulations. The Commissioner responds

that although the ALJ does not explicitly state that he is giving controlling weight to the state agency

reviewing physicians, Denise Bell, M.D. and Lloyd A. Walwyn, M.D.,  it is clear that the ALJ

---

[3]The Court notes the Commissioner's argument that the ALJ properly discounted NP
Hosey's assessments based on the Plaintiff's activities of daily living. [Doc. 16 at 14-15]. The
ALJ, however, was evaluating the Plaintiff's credibility based on her subjective claims of pain
rather than discounting the opinion of NP Hosey. [Tr. 17]. Further, the ALJ failed to link the
Plaintiff's activities of daily living to NP Hosey's evaluations as a basis for rejecting her
assessments.

assessed the Plaintiff's residual capacity as consistent with their opinions.

In the absence of a treating source opinion that enjoys controlling weight, the ALJ must explain in his decision the weight given to both examining and non-examining source opinions. 20 C.F.R. § 404.1527(f)(2)(ii); SSR 96-6p, 1996 WL 374180, at *5 (1996). This duty is heightened if the ALJ disagrees with a medical opinion regarding the claimant's functional limitations, because the ALJ's decision must include an explanation of how any material inconsistencies or ambiguities of evidence in the case record were considered and resolved. SSR 96-8p, 1996 SSR LEXIS 5, at *20 (1996). The opinion from an examining source generally deserves greater weight than that of a non-examining source. 20 C.F.R. § 404.1527(d)(1). The ALJ must consider (1) the length of treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of and evidentiary basis for the opinion; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the source; and (6) anything else that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)-(6).

In this case, the ALJ noted the examining and non-examining medical source opinions of record. While the ALJ summarized these medical opinions in his decision, the ALJ failed to discuss the weight given to any of the opinions. For example, the ALJ summarized the October 2006 opinion of consultative examining source, Daniel Kan, M.D., in which he opined that the Plaintiff may not be able to occasionally lift and/or carry; may be able to stand and/or walk less than 2 hours in an 8-hour period; and sit with normal breaks for less than 6 hours in an 8-hour period. [Tr. 349-50]. Another consultative examining source, Robert A. Blaine, M.D., reported in June 2007, that the Plaintiff could walk for about 2 hours out of an 8-hour workday, and that she could sit for 6 hours out of an 8-hour shift. [Tr. 242]. The above opinions are inconsistent with the ALJ's residual

functional capacity determination that the Plaintiff could perform light work.[4]  The ALJ fails weigh

the opinions of Dr. Kan and Dr. Blaine or apply any of the applicable factors under the Regulations.

The ALJ appears to have given greater weight to the non-examining physicians of record

without any explanation.  Dr. Bell, a non-examining state agency physician, opined that the Plaintiff

could frequently lift and/or carry 50 pounds occasionally; lift and/or carry 25 pounds frequently;

could stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday;

and frequently climb, balance, stoop, kneel, crouch and crawl.  [Tr. 387-88].  Another non-

examining state agency physician, Dr. Walwyn, found that the Plaintiff could lift and/or carry 50

pounds occasionally; lift and/or carry 25 pounds frequently; stand and/or walk about 6 hours in an

8-hour workday; sit about 6 hours in an 8-hour workday; frequently climb, balance, stoop, kneel,

crouch, and crawl but should avoid concentrated exposure to fumes, odors, dusts, gases, poor

ventilation, etc.  [Tr. 452-55].  These opinions are consistent with the ALJ's determination that the

Plaintiff could perform light work, but the ALJ fails to explain why he credits the non-examining

state agency physicians over the inconsistent opinions of the consultative examining physicians.

The Court finds that a review of the ALJ's decision reveals that he did not evaluate the

opinions of Dr. Kan, Dr. Blaine, Dr. Bell, and Dr. Walwyn under the legal criteria mandated by the

Regulations.  Although the ALJ described the content of the medical records in detail, he failed to

apply the required regulatory factors.  The Regulations and Rulings require an ALJ, in the absence

---

[4]Light work "requires a good deal of walking or standing, or when it involves sitting most
of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. §§ 404.1567(b),
C.F.R. 404.1567(b).  The definition continues that, "[t]o be considered capable of performing a
full or wide range of light work, you must have the ability to do substantially all of these
activities."  Id.  Social Security Ruling 83-10 further clarifies that the ability to perform a full
range of light work "requires standing or walking, off and on, for a total of approximately 6
hours of an 8-hour workday."

of a treating source who enjoys controlling weight, to weigh the opinions of one-time examining physicians and record-reviewing physicians under the regulatory factors, including supportability and consistency. See 20 C.F.R. § 404.1527(d), (f).

Accordingly, the Court finds that the ALJ committed procedural error when evaluating the opinions of the examining and non-examining physicians of record.[5]

---

[5]Based on the above analysis, the Court will not consider the Commissioner's argument that the Plaintiff's claims of disability were not supported by medical examinations between 1999-2005. [Doc. 15-16]. The Court notes that its finding of error was limited to procedural errors committed by the ALJ based on the Plaintiff's medical records from October 2006 to April 2009.

## V.    CONCLUSION

It is **RECOMMENDED** that this case be **REMANDED** to the defendant Commissioner for further

proceedings consistent with this Report and Recommendation.  To that end, Plaintiff's Motion [Doc.

11] is **GRANTED** only for remanding the case as aforesaid.  It is also **RECOMMENDED** that the

defendant's Motion  for Summary Judgment [Doc. 15] be **DENIED**.[6]

Respectfully submitted,


s/ H. Bruce Guyton
United States Magistrate Judge

---

[6]Any objections to this Report and Recommendation must be served and filed within
fourteen (14) days after service of a copy of this recommended disposition on the objecting party.
Fed. R. Civ. P. 72(b)(2).  Such objections must conform to the requirements of Rule 72(b),
Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the
right to appeal the District Court's order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).
The district court need not provide de novo review where objections to this report and
recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir.
1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of
Teachers, 829 F.2d 1370 (6th Cir. 1987).