UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LINDA E. SOMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-99 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") [Doc. 17] entered by United States Magistrate Judge H. Bruce Guyton on December 17, 2010. The R&R considers plaintiff Linda E. Sommer's Motion for Judgment on the Pleadings [Doc. 11], in which plaintiff sought judicial review of the decision of the Administrative Law Judge (the "ALJ") denying her benefits. The R&R also considers the Motion for Summary Judgment [Doc. 15], filed by defendant Michael J. Astrue, Commissioner of Social Security (the "Commissioner").

In the R&R, Magistrate Judge Guyton recommended that this case be remanded for further administrative proceedings and granted plaintiff's motion for judgment on the pleadings [Doc. 11] only for the purpose of remand. Judge Guyton also recommended that defendant's motion for summary judgment [Doc. 15] be denied. Defendant has filed objections to the R&R [Doc. 21]. Plaintiff has not filed a response to defendant's objections and the time for doing so has passed. *See* E.D. TN. LR 7.1(a), 7.2.

## I.    Standard of Review

A district court must conduct a *de novo* review of portions of a magistrate judge's

report and recommendation to which a party has made specific objections unless the

objections are frivolous, conclusive, or general.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987);

*Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  The district court may then "accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate

judge."  28 U.S.C. § 636(b)(1)(C).  A district court's review of a final administrative decision

of the Commissioner made by an ALJ in a Social Security action, however, is not *de novo*.

Rather, the district court is limited to examining the entire administrative record to determine

if the ALJ applied the correct legal standards in reaching the decision and if there is

substantial evidence in the record to support the findings.  *Longworth v. Comm'r of Soc. Sec.*,

402 F.3d 591, 595 (6th Cir. 2005).

The "substantial evidence" standard of judicial review requires that an ALJ's decision

be accepted if a reasonable mind might accept the evidence in the record as adequate to

support the ALJ's conclusions.  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir.

2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Under the substantial

evidence standard, it is immaterial whether the record may also possess substantial evidence

to support a different conclusion from that reached by the ALJ or whether the reviewing

judge may have decided the case differently.  *Crisp v. Sec'y of Health & Human Servs.*, 790

F.2d 450, 453 n.4 (6th Cir. 1986).

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court has undertaken a *de novo* review of those portions of the R&R to which defendant objects. In considering defendant's objections to the R&R, the Court has independently reviewed the entire record, including the R&R, the administrative record, and all related filings. For the reasons set forth below, the Court will overrule defendant's objections, grant plaintiff's motion to the extent that this case is remanded, remand this case for further administrative proceedings, and deny defendant's motion.

## II. Analysis

### A. The R&R

After considering the ALJ's discussion and evaluation of plaintiff's treating nurse practitioner, Yvonne Hosey, F.N.P. ("NP Hosey"), a non-medical source who assessed plaintiff's capabilities in October 2007 and April 2009, the magistrate judge found that while the ALJ discussed NP Hosey's findings in detail, he did not indicate the applicable factors he used for evaluating or discounting her assessments of plaintiff. Judge Guyton noted that while an ALJ need only provide "some basis" for discounting the opinion of a non-medical source, the ALJ neither explained nor provided any basis for why he was rejecting NP Hosey's opinion. For instance, Judge Guyton noted that the ALJ "did not discuss such factors such as the supportability of the opinion, its consistency with other evidence, or how well the source explained the opinion." [Doc. 17, p. 8]. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540-42 (6th Cir. 2007) (discussing opinions from "other sources" such as nurse practitioners).

3

Judge Guyton also found that while the ALJ described in detail the content of the other medical opinions of record, the ALJ did not evaluate and apply the required regulatory factors to the medical opinions, did not discuss the weight the ALJ gave to those medical opinions, and did not explain why he credited the opinions of non-examining state agency physicians over the inconsistent opinions of consultative examining physicians.

In light of these errors, the magistrate judge recommended that this case be remanded for further administrative proceedings, granted plaintiff's motion for judgment on the pleadings [Doc. 11] only for the purpose of remand, and denied defendant's motion for summary judgment [Doc. 15].

## B.      Defendant's Objections

Defendant makes two specific objections to the R&R. First, defendant argues that the ALJ's ultimate determination was consistent with the assessments of the three physicians who expressed confidence in their assessments. If this case were remanded, given these medical opinions, defendant asserts that a fact-finder could only find plaintiff capable of at least sedentary work. Because a limitation to sedentary work would also result in a finding of "not disabled," defendant argues that remand would serve no purpose and therefore any error by the ALJ was harmless. Second, defendant argues that any lack of discussion by the ALJ regarding NP Hosey's assessment of plaintiff was not harmful error because NP Hosey's opinion was contradicted by acceptable medical sources and plaintiff's own testimony.

The magistrate judge noted that the ALJ summarized the medical opinions of Daniel Kan, M.D. and Robert A. Blaine, M.D., consultative examining sources, and of Denise Bell,

M.D. and Lloyd A. Walwyn, M.D., non-examining state agency physicians. The magistrate

judge found the opinions of Drs. Kan and Blaine, the consultative examining sources, to be

inconsistent with the ALJ's residual functional capacity determination that plaintiff could

perform light work and that the ALJ "fails [to] weigh the opinions of Dr. Kan and Dr. Blaine

or apply any of the applicable factors under the Regulations." [Doc. 17, pp. 9-10]. The

magistrate judge found the opinions of Drs. Bell and Walwyn, the non-examining state

agency physicians, to be consistent with the ALJ's determination that plaintiff could perform

light work. Judge Guyton also noted that "[t]he ALJ appears to have given greater weight

to the non-examining physicians of record without any explanation." [*Id.*].

In defendant's brief in support of its motion for summary judgment, defendant states

that it is "clear that the ALJ determined that the limitations assessed by state agency

physicians Bell and Walwyn were most consistent with the record." [Doc. 16, p. 11].

Defendant acknowledges, however, that "the ALJ did not explicitly say that he was giving

weight to those physicians[,]" an omission defendant implies was inconsequential because

"the ALJ assessed a residual functional capacity that was practically the same as the

assessments" of these non-examining physicians [*Id.*]. Defendant argues that Dr. Blaine's

opinion is also not inconsistent with the findings of the ALJ because it is almost identical to

the definition of sedentary work found in 20 C.F.R. § 404.1567(a) and SSR 96-9p.

Defendant implies that no explanation of Dr. Kan's assessment was needed by the ALJ

because Dr. Kan's opinion indicates that he was unsure of his assessment of plaintiff's

abilities. Defendant also asserts that plaintiff's own testimony casts doubt on the validity of Dr. Kan's assessment.

Social security rules and regulations require an ALJ, in the absence of a treating source who enjoys controlling weight, to weigh the opinions of examining physicians and record-reviewing physicians under the applicable regulatory factors found in 20 C.F.R. §§ 404.1527(d), (f). In this case, the ALJ made the residual functional determination that plaintiff could perform a "wide range of light work" and was capable of performing her past relevant work as a "telecommunicator," a work position described as sedentary [Tr., pp. 10-18]. The ALJ's determination of plaintiff's residual functional capacity, however, does not indicate the weight the ALJ gave to one medical source over another and fails to give reasons linked to its residual functional capacity determination based on the medical proof of record. The ALJ went into extensive detail about what several of the medical opinions of record found, but his decision contains almost no indication that he considered these opinions in accordance with the applicable rules and regulations [*see* Tr. pp. 11-17]. These opinions and testimony are at times conflicting and inconsistent and the ALJ does not indicate the weight he gave to the various opinions, which opinions he accepted or rejected, and the reasons for doing so. Because the Court must conclude that the decision of the ALJ is supported by substantial evidence, and because the ALJ's discussion of that evidence and its application to the ALJ's determination is a crucial part of the Court's review of the ALJ's decision and allows the Court to ascertain his reasoning and whether substantial evidence supports it, the Court agrees with Judge Guyton that the ALJ's decision does not reflect the requirements of

the applicable rules and regulations and therefore agrees with the magistrate judge that remand is appropriate.

The Court similarly finds that the ALJ did not properly indicate what applicable factors he considered when evaluating NP Hosey's assessments of plaintiff's capabilities. The Court notes, as did Judge Guyton, that an ALJ is not required to devote the same level of analysis to consideration of a non-medical source like NP Hosey. The U.S. Court of Appeals for the Sixth Circuit has indicated, however, that if an ALJ rejects the opinions of other sources who have treated a claimant, an ALJ must still evaluate the opinions of those sources using the applicable factors in order to explain the ALJ's treatment of that opinion [*see* Doc. 17, pp. 7-8]. *See Cruse*, 502 F.3d a 540-42 (holding that future ALJs must give specific consideration to a nurse practioner's functional assessments pursuant to SSR 06-03P, but declining to apply the rule in that case because SSR 06-03P was not implemented until after the final decision was issued).

In *Gonzales v. Comm'r of Soc. Sec.*, the district court noted that an ALJ must give "specific consideration" to the findings of a non-medical source, and, if he chooses to reject the opinion, must explain his reason for doing so. No. 1:09-CV-463, 2010 WL 3852000, at *2 (W. D. Mich. Sept. 29, 2010). In *Gonzales*, the district court concluded that the ALJ had provided "some basis" for discounting the findings because the ALJ noted the inconsistency of the physician assistant's evaluations and noted that the findings of the other medical reports of record diminished her assessment of the plaintiff. *Gonzales*, 2010 WL 3852000, at *2. The ALJ in *Gonzales* also specifically noted that in his determination of the plaintiff's

residual functional capacity, he "does not give any weight" to the opinions of the physician's

assistant. *Id.* In this case, the ALJ gave no similar "basis" for his determination and did not

state whether he afforded NP Hosey's opinion any weight.

While defendant argues that NP Hosey's opinions were contradicted by the

assessments of Drs. Bell, Walwyn, and Blaine, and by plaintiff's own statements, given the

ALJ's failure to articulate how he arrived at his determinations regarding his acceptance or

rejection of such assessments, the Court does not agree that this error can be ignored or that

it is harmless. Defendant seems to assert that the ALJ's conclusion regarding plaintiff's

credibility "also stands as the ALJ's conclusion about the whole of the record as it related to

residual functional capacity[,]" including the ALJ's weighing of NP Hosey's opinion, and

therefore no further explanation is required. If this were so, than the policy statement noted

by the magistrate judge would serve no purpose.

In overruling defendant's objections, the Court points out that even if an ALJ's

decision is supported by substantial evidence, that decision will not be upheld where the

Commissioner "fails to follow its own regulations and where that error prejudices a claimant

on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*,

478 F.3d 742, 746 (6th Cir. 2007) (reversing because the ALJ "completely fail[ed] to

acknowledge the expert opinion of . . . [a] treating psychologist."). Because the ALJ did not

properly explain his evaluations of the opinions of the non-examining physicians upon which

he appeared to give the most weight, opinions which were inconsistent with the opinions of

two examining physicians and consistent with NP Hosey's opinion of plaintiff and a finding

8

of a disability, the Court cannot determine the basis for the ALJ's conclusions and if a reasonable mind might accept the evidence of record as adequate to support his conclusions. The Court, therefore, agrees with Judge Guyton that remand is appropriate.

## III.    Conclusion

For the reasons given above, defendant's objections [Doc. 21] will be **OVERRULED**, the R&R [Doc. 17]will be **ACCEPTED IN WHOLE**, defendant's motion for summary judgment [Doc. 15] will be **DENIED**, and plaintiff's motion for judgment on the pleadings [Doc. 11] will be **GRANTED** to the extent that this case will be **REMANDED** for further proceedings consistent with this order and with the R&R.  An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE